IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID NOVOSELSKY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 1:11-cv-3702 |
| ) | |
| DOROTHY BROWN, in her individual ) | Senior District Judge Norgle |
| Capacity, and as the CLERK OF THE ) | |
| CIRCUIT COURT OF COOK COUNTY, ) | |
| ILLINOIS and COOK COUNTY, ) | JURY DEMANDED |
| a Body Politic. ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

Plaintiff David Novoselsky, by his undersigned attorneys, states the following as his Second Amended Complaint against Dorothy Brown, in her individual capacity, and COOK COUNTY, a Body Politic:

## NATURE OF THE ACTION

1. This is an action for redress for defendants' violations of 42 U.S.C. 1983 and ancillary state-law torts arising out of a common nucleus of operative facts. Under color of state law, defendant has retaliated against the plaintiff in light of his efforts to seek judicial review of her conduct. Perceiving plaintiff as a threat to her political career and her ability to retain office, defendant Brown has used the instrumentalities and employees of her office to chill plaintiff's exercise of his rights, as an attorney, to bring good-faith disputes to court for resolution. Defendant has publicly and openly defamed plaintiff, has publicly initiated state-bar investigations on the basis of unsupportable assertions of professional misconduct and, most

{00057856.DOC; v. 1}

recently, made direct contact with clients in a pending action and persuaded them to withdraw from litigation that they joined with plaintiff as their counsel.

## PARTIES AND JURISDICTION

2.  Plaintiff David Novoselsky ("Novoselsky") is a citizen of and domiciled in the State of Wisconsin, who practices law in many different jurisdictions under the d/b/a/ "Novoselsky Law Offices."

3.  Defendant Brown ("Brown") is a citizen of and is domiciled in the State of Illinois. She has been the Clerk of the Circuit Court of Cook County since 2000, and, as such, is considered is a member of the judicial branch of Illinois government.

4.  Defendant Cook County ("Cook County") is a Body Politic, a unit of local government of the State of Illinois, that provides funds, staff, facilities, legal representation and electronic access for Brown, including but not to the funding and electronic access through which Brown published and disseminated her attacks on Plaintiff as described, *infra.*

## JURISDICTION AND VENUE

5.  Jurisdiction over Count I is founded on 28 U.S.C. §1331, federal question. Count I asserts violations under federal law, i.e., 42 U.S.C. §1983. Jurisdiction over Count II is founded on 28 U.S.C. §1332; the parties are citizens of and domiciled in different states and the amount in controversy exceeds $75,000.

6.  Venue is appropriate in this District Court pursuant to 28 U.S.C. §1391, since defendants Brown and Cook County live and carry out their activities in this judicial district.

## COUNT I: DEPRIVATION OF CIVIL RIGHTS

1-6. Plaintiff David Novoselsky realleges and incorporates paragraphs 1-6 above as paragraphs 1-6 of this Count I.

7. Plaintiff is guaranteed the right under the First Amendment of the United States Constitution, for himself and on behalf of his clients, to petition government for redress of grievances, including the right, as counsel, to file actions in court when there is a good-faith belief after reasonable inquiry that government officials have acted in derogation of their duties under the law and that either existing law supports a cause of action or that a non-frivolous argument can be made for the modification, extension or reversal of existing law to support a cause of action against government officials or instrumentalities of government.

8. The Illinois constitution provides the same guarantee, Illinois Const., Art. 1, § 5: "The people have the right to … consult for the common good, to make known their opinions to their representatives and to apply for redress of grievances." The Illinois General Assembly has further expressly articulated the public policy of the state to encourage and protect that guarantee:

> [I]t is declared to be the public policy of the State of Illinois that the constitutional rights of citizens and organizations to be involved and participate freely in the process of government must be encouraged and safeguarded with great diligence. The information, reports, opinions, claims, arguments, and other expressions provided by citizens are vital to effective law enforcement, the operation of government, the making of public policy and decisions, and the continuation of representative democracy. The laws, courts, and other agencies of this State must provide the utmost protection for the free exercise of these rights of petition, speech, association, and government participation.
>
> ***
>
> Acts in furtherance of the constitutional rights to petition, speech, association, and participation in government are immune from liability, regardless of intent or purpose, except when not genuinely aimed at procuring favorable government action, result, or outcome.

735 ILCS 110/5 & 15.

9. These constitutional and statutory rights are protected and implemented before this Court pursuant to the provisions of 42 USC §1983.

10. The Seventh Circuit Court of Appeals has expressly found that this right to petition government for the redress of grievances extends to the courts in general and applies to litigation in particular. *E.g.*, *Woodruff v. Mason*, 542 F.3d 545 (7th Cir. 2008).

11. On a number of occasions over the past seven years, Plaintiff has been retained as an attorney to bring actions on behalf of clients challenging the conduct of defendant Cook County as well as the conduct of defendant Brown in connection with the administration of her office as the Clerk of the Circuit Court, the policies and practices concerning the manner in which court pleadings were maintained, and the collection and distribution of various types of fees imposed and/or collected by the Clerk of the Circuit Court on behalf of Cook County.

12. Those actions have been filed in this Court as well as the Circuit Court of Cook County, Illinois. In some instances, the filing of the litigation caused Brown to stop the challenged practice. In one instance, Plaintiff's clients secured an injunction requiring defendant Brown to transfer court funds from accounts maintained by the Clerk of the Circuit court at Shore Bank to the Treasurer of Cook County. The trial court's injunction order was reversed on appeal, but Plaintiff's clients' attempt to secure Illinois Supreme Court review of the appellate reversal order became moot when Shore Bank became insolvent. In other instances, Plaintiff's clients' claims were rejected on procedural or jurisdictional grounds.

13. No court of review has upheld the propriety of any of the conduct of defendants Brown or the County of Cook which Plaintiff's clients have challenged. No trial-level court has that found any of these lawsuits were filed without a good faith basis.

4

14. As discussed more fully below, the most recent such lawsuit, *Jackson v. Brown, et al.*, 2011 L 50579, is currently pending in the Circuit Court of Cook County.

15. Defendant Brown seeks to prevent Plaintiff and his clients from challenging her conduct in judicial proceedings. In response to the various actions brought by Plaintiff on behalf of his clients, defendant Brown, using County employees and County funds, instituted a practice to chill the exercise of Plaintiff's constitutional and statutory right to petition government for redress.

**Initiation of Disciplinary Proceedings**

16. As an example, on June 14, 2010, defendant Brown, in her capacity as the Clerk of the Circuit Court, filed a 37-page complaint against Plaintiff before the Illinois Attorney Registration and Disciplinary Commission ("ARDC"). The complaint (a copy of which is attached as Exhibit A and incorporated by reference) was submitted by attorney Elena Demos in the name and on behalf of defendants Brown and the County of Cook. The complaint itself was printed on county letterhead bearing the Seal of the Circuit Court of Cook County and both the names of defendant Brown and the "Office of the General Counsel," and it was signed by Ms. Demos as defendant Brown's "General Counsel."

17. In general terms, defendant Brown's ARDC complaint asserted that Plaintiff, without sufficient factual or legal bases, had brought suits against defendant Brown in her capacity as the Clerk of the Circuit Court. The document asserted that the pleadings filed by plaintiff were motivated by racial and other animus, including claims that Plaintiff had been part of a scheme in conjunction with an equally 'racist' media that had the result of preventing Brown from successfully winning election as the Mayor of the City of Chicago and, later, winning election as President of the Board of Cook County.

18. Defendant Brown is an attorney licensed to practice by the Illinois Supreme Court, as is her General Counsel. As such, defendant Brown knew or should have known that an initial communication to the ARDC is not considered public and that the ARDC does not permit the general public to inspect such communications until and unless a Complaint is voted by the Inquiry Board of the ARDC.

19. Defendant Brown chose to publicize her communication and complaint to the ARDC. On the same day she presented her complaint to the ARDC, defendant Brown, in her capacity as and from the offices of the Clerk of the Circuit Court, conducted a press conference to bring public attention to her submission to the ARDC. At that press conference, defendant Brown circulated multiple copies of her complaint to the ARDC, voluminous "supporting documents," and a "Press Release" (a copy of which is attached as Exhibit B and incorporated by reference) which purported to summarize the charges. That Press Release, issued on behalf of defendant Brown, expanded beyond the assertions in defendant Brown's complaint to the ARDC and included a general attack on Plaintiff's integrity and professionalism:

> "It is the responsibility of the ARDC to investigate allegations of misconduct by lawyers, and to prosecute the cases where a lawyer's misconduct suggests a threat to the public or to the integrity of the legal profession. Clerk Brown believes the ARDC will find Novoselsky guilty of misconduct. "Not only do we believe he has engaged in 'baseless' legal actions, but we believe he has wasted taxpayer money by forcing the offices of the Clerk and State's Attorney to defend his allegations," said Dorothy Brown.
>
> ***
>
> "We are not sure of his motivation, but his conduct is clearly not professional," said Brown.

The press release was published on the internet and has been generally accessible for viewing throughout the state and the country for more than a year.

6

20. The copies of defendant Brown's communication to the ARDC and its supporting exhibits –thousands of pages -- were prepared and distributed by Brown at public expense and paid for by Cook County. The cost of the preparation of defendant Brown's communication to the ARDC and the cost of the press conference, scheduled and staffed by Cook County employees during working hours, were borne by the taxpayers of Cook County.

21. Almost eleven months after her complaint was filed, on May 8, 2011, the Attorney Registration and Disciplinary Commission advised Plaintiff and defendant Brown that it would not proceed to issue charges against Plaintiff based on the matters raised by defendant Brown in her communication to the ARDC. The ARDC letter noted that no court had sanctioned Plaintiff for any pleading that he had filed against defendant Brown.

**Direct Communication with Plaintiff's Clients**

22. On May 19, 2011, Plaintiff and his co-counsel, retired Cook County Circuit Court Judge Michael W. Stuttley, filed an action against defendants Brown and Cook County in the Circuit Court of Cook County, seeking redress for their failure to properly collect, administer and distribute certain court fees that had been authorized by various Cook County Ordinances to provide funding for, e.g., a "Teen Court" a "Peer Jury" system and other programs designed to provide services to juveniles who are involved in domestic relations or juvenile proceedings. Prior to filing the action, Attorney Stuttley discussed the proposed lawsuit with his long-time associate, the Rev. Jesse Jackson, and obtained the agreement of Rev. Jackson and of The Rainbow Push Coalition, Inc., a not-for-profit organization in which Rev. Jackson has been involved for more than 30 years, to act as nominal plaintiff s in the case. Plaintiff had represented Rev. Jackson and The Rainbow Push Coalition on various matters dating back more than ten years.

7

23. On May 20, 2011, the day after *Jackson v. Brown, et al.*, 2011 L 50579, was filed, defendant Brown telephoned Rev. Jackson to discuss the recently filed action against her. Brown knew at the time that Rev. Jackson was represented by counsel. Brown did not request or receive consent from Plaintiff or Attorney Stuttley for that direct communication. The Rules of Professional Conduct applicable to Illinois lawyers prohibit attorneys from communicating about matters with persons known to be represented by counsel with respect to those matters in the absence of the consent of the attorney for the represented party.

24. Later on May 20, 2011, defendant Brown caused two different written statements to be delivered to Rev. Jackson (copies of which are attached as Exhibits C and D and incorporated by reference), copies of which were also given to Plaintiff's co-counsel. Among Ms. Brown's statements delivered to Rev. Jackson was the following:

> It is our opinion that this Complaint contains uninvestigated, wholly false and defamatory statements against the Clerk of the Circuit Court of Cook County. []David Novoselsky … is engaging in a pattern of behavior designed to turn the public trust against the first African-American Clerk of the Circuit Court of Cook County and to attempt to cause her to lose an election to that and other posts based entirely on lies.

> \*\*\*

> These allegations are so far-fetched and inaccurate that this case [] will not even proceed to the discovery stage.

> \*\*\*

> In sum, the entire lawsuit is unsupported and false.

25. On May 21, 2011, Rev. Jackson met with defendant Brown and then held a press conference along with defendant Brown stating he was now amenable to working out a solution to the lawsuit and would be working with defendant Brown rather than with his attorneys to do so.

8

26. Accordingly, an amended complaint was submitted and later filed without objection by counsel for Cook County that removed Reverend Jackson and his organization as plaintiffs.

**Compounding the Defamation**

27. Brown has been undaunted by the instant action. In fact, when asked to comment about it by an investigator of the Better Government Association, a private watch-dog group, Brown continued use county officials for the unofficial purpose of defaming Plaintiff and attacking his integrity and ability in his profession.

28. Specifically, on June 7, 2011, defendant Brown, through Enza Raineri, Associate Clerk for Public Policy and Public Information, sent to James Edwards, an investigator for the Better Government Agency, a 35-page letter on the letterhead of the Office of the Clerk of the Circuit Court of Cook County (a copy of which is attached as Exhibit E and incorporated by reference) purporting to summarize legal actions filed by plaintiff against defendant Brown, including the complaint originally filed in this action.

29. In general terms, like her proposed ARDC complaint and press release, defendant Brown's June 7, 2011 letter to the Better Government Association asserted that Plaintiff, without sufficient factual or legal bases, had brought suits against defendant Brown in her capacity as the Clerk of the Circuit Court. The document asserted that the pleadings filed by plaintiff were motivated by racial and other animus, including claims that Plaintiff had been part of a scheme in conjunction with an equally 'racist' media that had the result of preventing Brown from successfully winning election as the Mayor of the City of Chicago and, later, winning election as President of the Board of Cook County.

9

30. Thereafter, on November 2, 2011, in an effort to interfere further with Plaintiff's right to represent his clients and his and his clients' right to file and pursue a legitimate cause of action before the Illinois court system, Defendant Brown, with the aid and assistance of Defendant Cook County, published a letter to the President of the Cook County Board of Commissioners, each individual Commissioner, the Cook County Assessor, the Cook County Clerk, the Cook County Recorder, the Cook County Sheriff, the Cook County State's Attorney, the Chief Financial Officer of Cook County, the Interim Cook County Controller, and the Director of the Cook County Health and Hospitals System.

31. The letter in question (a copy of which is attached as Exhibit F and incorporated by reference) requested assistance in an investigation into how plaintiff came into possession of evidence he presented on behalf of his clients in Case 11 L 50579, accused plaintiff of pursuing frivolous litigation against defendant Brown and Cook County and implied that plaintiff was pursuing the litigation to further the interests of defendant Brown's political opponent.

32. Title 42, Section 1983 of the United States Code, provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

33. Defendant Brown, acting under color of state law and as the final decision maker on behalf of the Office of the Clerk of the Circuit Court of Cook County, took numerous actions to retaliate against Plaintiff for his exercise of his constitutional and statutory rights to petition government, personally and on behalf of his clients, e.g.,

- Defendant Brown brought an unfounded Complaint against Plaintiff before the Illinois Attorney Registration and Disciplinary Commission;

- Supported by defendant Cook County, its employees and its funds, defendant Brown held an inappropriate and defamatory press conference regarding her complaint to the ARDC;

- Defendant Brown published and circulated her complaint to the ARDC, which was not a public document, as well as a defamatory "Press Release" describing the complaint;

- After the ARDC advised her that it would not proceed with charges concerning her complaint, defendant Brown further retaliated against Plaintiff by personally contacting his client in a pending matter, disparaging Plaintiff's general reputation for honesty, integrity and ability in his profession and further disparaging Plaintiff by claiming that the facts and circumstances which he and retired Judge Stuttley collected in support of the *Jackson v. Brown* were " so far-fetched and inaccurate" that the case would be dismissed. She again repeated her allegation that Plaintiff's motives for bringing suit were wholly improper and charged with racial animus;

- After plaintiff filed the instant suit, Brown again published defamatory material to the Better Government Association, hoping that the Better Government Association would in turn disseminate her defamation to a wider audience; and

- After plaintiff filed his amended complaint, Brown again published defamatory material to the President and Members of the Cook County Board of Commissioners, as well as various other Cook County officials, seeking to discredit plaintiff.

34. As a result of defendant Brown's retaliatory acts, Plaintiff has suffered financial damage, reputational damage, and deterioration to his physical and mental well-being.

35. Defendants Brown and Cook County acted recklessly, with callous indifference to the plaintiff's federally protected rights and/or with improper motives and intentions, and are therefore subject to an award of punitive damages.

WHEREFORE, Plaintiff David Novoselsky respectfully urges this Court to enter judgment in his favor and against defendants Dorothy Brown, individually, and Cook County, a Body Politic, and award Plaintiff compensatory and punitive damages as a result of their

11

unlawful retaliation, award Plaintiff all of his attorneys' fees and costs as allowed by law and for such other and further relief as this Court deems appropriate.

## COUNT II: DEFAMATION

1-35. Plaintiff David Novoselsky realleges and incorporates paragraphs 1-35 of his Count I as paragraphs 1-35 of this Count II.

36. On June 14, 2010, defendants Brown and Cook County published false and defamatory statements regarding Plaintiff, impugning his reputation for honesty, integrity and ability in his profession, and specifically accusing him of unprofessional conduct worthy of disbarment proceedings and using his office as a lawyer to effectuate racial animus.

37. On or about May 20, 2011, defendant Brown, claiming to represent the interests of Cook County, published two additional false and defamatory statements regarding Plaintiff, again impugning his reputation for honesty, integrity and ability in his profession, and specifically accusing him of unprofessional conduct. In the second instance, defendant Brown sought to distance Plaintiff from his clients, and specifically to interfere with the attorney-client relationship.

38. On June 7, 2011, after the instant suit was filed, defendant Brown, acting in her official capacity as the Clerk of the Circuit Court and claiming to represent the interests of Cook County, additional false and defamatory statements regarding Plaintiff, again impugning his reputation for honesty, integrity and ability in his profession, and specifically accusing him of unprofessional conduct.

39. On November 2, 2011, Defendant Brown, with the aid and assistance of Defendant Cook County, published a letter to the President of the Cook County Board of Commissioners, to each individual Commissioner, and to the following individuals, despite the

fact that none of them even arguably had the power to provide her with the assistance she requested in the letter: the Cook County Assessor, the Cook County Clerk, the Cook County Recorder, the Cook County Sheriff, the Cook County State's Attorney, the Chief Financial Officer of Cook County, the Interim Cook County Controller, and the Director of the Cook County Health and Hospitals System.

40. The letter in question (a copy of which is attached as Exhibit F and incorporated by reference) purported to inform the recipients that defendant Brown had requested the Office of the Independent Inspector General of Cook County to investigate and identify the means of disclosure of a confidential memorandum issued by the Treasurer of Cook County to the President and the Members of the Cook County Board of Commissioners. Plaintiff had obtained a copy of that memorandum and had spread it of record in Case No. 11 L 55079, as the memorandum expressed the Treasurer's concerns regarding the financial strength of banks holding County funds, with specific references to banks in which defendant Brown was holding funds. In her letter, defendant Brown asked the recipients to join her in her request of the Independent Inspector General to investigate the source of the "leak" of the Treasurer's memorandum.

41. Defendant Brown's request to investigate how that memorandum became publicized should not have been distributed to those outside of the Board of Commissioners, as none of the persons listed in paragraph 39 above had the authority to request or join in a request for the relief ostensibly sought in the letter.

42. Defendant Brown's November 2, 2011 letter became public knowledge and was circulated throughout the local media, being sent to them by various County Commissioners and "republished" in the manner of any other public letter submitted by a Public Official to the

legislative body that governs Cook County. Pursuant to Illinois law and practice, letters submitted by public officials to the Board of Commissioners are not private, are not privileged, and would be subject to disclosure in any event.

43. Defendant Brown's letter asserted a link between plaintiff's receipt and filing of the Pappas memorandum and the political campaign of her primary election opponent in the March 2012 Democratic Primary election for the office of the Clerk of the Circuit Court of Cook County. On information and belief, by publicly attempting to link plaintiff's reliance on the memorandum in court proceedings to her political campaign, Defendant Brown and Defendant Cook County intended the letter to be made public in order to embarrass Plaintiff, Brown's political opponent, and, possibly, the County Treasurer.

44. On information and belief, defendant Brown's letter reflects an agreement between Defendant Brown and Defendant Cook County to work together to deny Plaintiff and his clients access to the Court system and interfere with their ability to exercise their right to seek redress from the Courts as guaranteed by the Constitution of the United States.

45. Although the letter was ostensibly directed at a supposed "leak" of what Brown and Cook County claimed was a "confidential" memorandum, a substantial portion of the November 2, 2011 letter attacks plaintiff as having a history of "frivolous and wasteful litigation against the Clerk," claims that he had "caused a loss to the County of over $2 million in litigation costs for his failed claims," states that the County's Litigation Committee was considering taking action to "prevent the further bleeding of funds from the County Treasury" caused by Plaintiff, and then repeats the letter's earlier claims that Plaintiff had been guilty of "false statements, presenting false evidence, lack of diligence, and failure to return unearned fees, regarding three separate clients."

46. These statements were false and known to be false by these Defendants when they were published.

47. Illinois law recognizes that while some matters may be privileged when filed before a Court or in a quasi-judicial form, there is no privilege for republication or repetition of statements made in those forums when they are published outside of the forum and are presented, as Defendants did here, as a publication of false statements. This constitutes libel under Illinois law, *Missner v. Clifford*, 393 Ill.App.3d 751 (1st Dist.), *leave to appeal denied*, 234 Ill.2d 525 (2009).

48. The letter also accuses plaintiff and his clients of making frivolous filings in a lawsuit in the context of allegations presented in case 2011 L 50579 asserting that defendant Brown had placed court funds in certain banks having "low ratings." Defendants falsely asserted that the "County approved the use of these banks," and defendants' statements were intended to intimidate and harass Plaintiff and his clients and interfere with their right to proceed before the Court to obtain relief from the conversion of public funds by Defendant Brown, aided and abetted by Defendant Cook County.

49. The statements published by the defendants constitute defamation *per se*.

50. As a result of defendant Brown and defendant Cook County's false and defamatory statements, Plaintiff suffered general and special damages in his business and profession.

51. Defendants published the defamatory statements with actual and demonstrated malice and with reckless disregard for the truth, repeating false charges with reckless disregard for the consequences and for the purpose of intimidating or chilling Plaintiff's exercise of his constitutional rights.

WHEREFORE, Plaintiff David Novoselsky respectfully urges this Court to enter judgment in his favor and against defendants Dorothy Brown, individually, and the Cook County, a Body Politic, to award Plaintiff compensatory and punitive damages as a result of defendants' defamatory publications, and for such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

                          Plaintiff DAVID NOVOSELSKY


                        By: /s/ Joseph E. Tighe
                             One of His Attorneys

Joseph E. Tighe
Alan J. Mandel
ALAN J. MANDEL, LTD
7520 Skokie Boulevard
Skokie, Illinois 60077
(847) 329-8450
joe@mandelaw.net
alan@mandelaw.net

Daniel M. Locallo
7625 West Gregory Avenue
Chicago, Illinois 60656
(773) 213-3430
dmlocallo@yahoo.com